1  Natalie P. Vance, Bar No. 206708
   KLINEDINST PC
2  801 K Street, Suite 2800
   Sacramento, California 95814
3  (916) 444-7573/FAX (916) 444-7544
   nvance@klinedinstlaw.com
4
   Attorney for Defendants
5  RESURGENT CAPITAL SERVICES, LP;
   ALEGIS GROUP, LLC; and LVNV
6  FUNDING, LLC,

7

8                      UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10 IMAN HATAMI,                          Case No.    C08-02453RS

11            Plaintiff,                 **ANSWER OF DEFENDANT RESURGENT
                                         CAPITAL SERVICES, LP TO**
12      v.                               **PLAINTIFF'S COMPLAINT**

13 RESURGENT CAPITAL SERVICES,
   LP; ALEGIS GROUP, LLC; and            Complaint Filed:  May 13, 2008
14 LVNV FUNDING, LLC,                    Trial Date:       None set

15            Defendants.

16

17      TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR

18 ATTORNEYS OF RECORD:

19      Defendant Resurgent Capital Services, LP ("RCSLP"), as and for its Answer to the

20 Complaint of Iman Hatami ("Plaintiffs") in the above-entitled matter, denies each and every

21 allegation contained therein, unless otherwise admitted or qualified herein.

22                                       I.

23                   RESPONSES TO PLAINTIFF'S ALLEGATIONS

24      1.    In response to Paragraph 1 of Plaintiff's Complaint, RCSLP admits that Plaintiff

25 has brought this action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

26 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §

27 1788 *et seq.* ("RFDCPA"), but denies that it violated any law.

28

KLINEDINST PC
801 K Street, Ste. 2800
Sacramento, California 95814

2.     In response to Paragraph 2 of Plaintiff's Complaint, RCSLP admits that the referenced statutes reference jurisdiction, but denies that jurisdiction is appropriate as it has violated no law.  RCSLP further denies that declaratory relief is available to Plaintiff.

3.     In response to Paragraph 3 of Plaintiff's Complaint, RCSLP denies all allegations against it.  To all other extents, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

4.     In response to Paragraph 4 of Plaintiff's Complaint, RCSLP affirmatively states that it corresponded with Plaintiff in this judicial district.  To all other extents, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

5.     In response to Paragraph 5 of Plaintiff's Complaint, RCSLP denies all allegations against it. To all other extents, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

6.     In response to Paragraph 6 of Plaintiff's Complaint, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

7.     In response to Paragraph 7 of Plaintiff's Complaint, RCSLP admits the allegations regarding its address and agent for service.  To all other extents, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

8.     In response to Paragraph 8 of Plaintiff's Complaint, RCSLP states that said paragraph makes no allegations against it and therefore no response is required by RCSLP. To the extent a response is required, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

9.      In response to Paragraph 9 of Plaintiff's Complaint, RCSLP states that said paragraph makes no allegations against it and therefore no response is required by RCSLP. To the extent a response is required, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

10.     In response to Paragraph 10 of Plaintiff's Complaint, RCSLP denies all allegations against it. To all other extents, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

11.     In response to Paragraph 11 of Plaintiff's Complaint, RCSLP admits that Plaintiff incurred a debt as described but has insufficient information and knowledge to either admit or deny that the debt incurred was a consumer debt and therefore denies the same and puts Plaintiff to his strictest burden of proof.

12.     In response to Paragraph 12 of Plaintiff's Complaint, RCSLP admits that the debt was placed with it for servicing but denies all other allegations.

13.     In response to Paragraph 13 of Plaintiff's Complaint, RCSLP states that Exhibit 1 speaks for itself while denying said paragraph to the extent, if any, that it is inconsistent with or otherwise misconstrues said exhibit.  Moreover, RCSLP has insufficient information and knowledge to either admit or deny that Exhibit 1 is a communication under the FDCPA and therefore denies the same.

14.     In response to Paragraph 14 of Plaintiff's Complaint, RCSLP states that Exhibit 1 speaks for itself while denying said paragraph to the extent, if any, that it is inconsistent with or otherwise misconstrues said exhibit.

15.     In response to Paragraph 15 of Plaintiff's Complaint, RCSLP states that Exhibit 1 speaks for itself while denying said paragraph to the extent, if any, that it is inconsistent with or otherwise misconstrues said exhibit.

16.     In response to Paragraph 16 of Plaintiff's Complaint, RCSLP has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

1    denies the same and puts Plaintiff to his strictest burden of proof.

2       17.    In response to Paragraph 17 of Plaintiff's Complaint, RCSLP has insufficient

3    information and knowledge to either admit or deny the allegations set forth therein and therefore

4    denies the same and puts Plaintiff to his strictest burden of proof.

5       18.    In response to Paragraph 18 of Plaintiff's Complaint, RCSLP states that Exhibit 1

6    speaks for itself while denying said paragraph to the extent, if any, that it is inconsistent with or

7    otherwise misconstrues said exhibit.

8       19.    In response to Paragraph 19 of Plaintiff's Complaint, RCSLP states that Exhibit 2

9    speaks for itself while denying said paragraph to the extent, if any, that it is inconsistent with or

10   otherwise misconstrues said exhibit.  Moreover, RCSLP has insufficient information and

11   knowledge to either admit or deny that Exhibit 2 is a communication under the FDCPA and

12   therefore denies the same.

13      20.    In response to Paragraph 20 of Plaintiff's Complaint, RCSLP states that Exhibit 2

14   speaks for itself while denying said paragraph to the extent, if any, that it is inconsistent with or

15   otherwise misconstrues said exhibit.

16      21.    In response to Paragraph 21 of Plaintiff's Complaint, RCSLP has insufficient

17   information and knowledge to either admit or deny the allegations set forth therein and therefore

18   denies the same and puts Plaintiff to his strictest burden of proof.

19      22.    In response to Paragraph 22 of Plaintiff's Complaint, RCSLP has insufficient

20   information and knowledge to either admit or deny the allegations set forth therein and therefore

21   denies the same and puts Plaintiff to his strictest burden of proof.

22      23.    In response to Paragraph 23 of Plaintiff's Complaint, RCSLP states that Exhibit 2

23   speaks for itself while denying said paragraph to the extent, if any, that it is inconsistent with or

24   otherwise misconstrues said exhibit.

25      24.    In response to Paragraph 24 of Plaintiff's Complaint, RCSLP states that Plaintiff's

26   letter speaks for itself.

27      25.    In response to Paragraph 25 of Plaintiff's Complaint, RCSLP has insufficient

28   information and knowledge to either admit or deny the allegations set forth therein and therefore

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

- 4 -

1  denies the same and puts Plaintiff to his strictest burden of proof.

2      26.    In response to Paragraph 26 of Plaintiff's Complaint, RCSLP has insufficient

3  information and knowledge to either admit or deny the allegations set forth therein and therefore

4  denies the same and puts Plaintiff to his strictest burden of proof.

5      27.    In response to Paragraph 27 of Plaintiff's Complaint, RCSLP has insufficient

6  information and knowledge to either admit or deny the allegations set forth therein and therefore

7  denies the same and puts Plaintiff to his strictest burden of proof.

8      28.    In response to Paragraph 28 of Plaintiff's Complaint, RCSLP admits that it tried

9  to contact Plaintiff, but denies that attempts to collect the debt were made.

10      29.    In response to Paragraph 29 of Plaintiff's Complaint, RCSLP has insufficient

11  information and knowledge to either admit or deny the allegations set forth therein and therefore

12  denies the same and puts Plaintiff to his strictest burden of proof.

13      30.    In response to Paragraph 30 of Plaintiff's Complaint, RCSLP denies all

14  allegations.

15      31.    In response to Paragraph 31 of Plaintiff's Complaint, RCSLP denies all

16  allegations against it.  To all other extents, RCSLP has insufficient information and knowledge to

17  either admit or deny the allegations set forth therein and therefore denies the same and puts

18  Plaintiff to his strictest burden of proof.

19      32.    In response to Paragraph 32 of Plaintiff's Complaint, RCSLP states that the date

20  on Exhibit 5 is October 25, 2007.  RCSLP denies that the letter sought to collect any amount.

21      33.    In response to Paragraph 33 of Plaintiff's Complaint, RCSLP has insufficient

22  information and knowledge to either admit or deny the allegations set forth therein and therefore

23  denies the same and puts Plaintiff to his strictest burden of proof.

24      34.    In response to Paragraph 34 of Plaintiff's Complaint, RCSLP has insufficient

25  information and knowledge to either admit or deny the allegations set forth therein and therefore

26  denies the same and puts Plaintiff to his strictest burden of proof.

27      35.    In response to Paragraph 35 of Plaintiff's Complaint, RCSLP states that Exhibit 5

28  speaks for itself while denying said paragraph to the extent, if any, that it is inconsistent with or

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

ANSWER OF DEFENDANT RESURGENT CAPITAL SERVICES, LP

C08-02453RS

1  otherwise misconstrues said exhibit.

2      36.    In response to Paragraph 36 of Plaintiff's Complaint, RCSLP has insufficient

3  information and knowledge to either admit or deny the allegations set forth therein and therefore

4  denies the same and puts Plaintiff to his strictest burden of proof.

5      37.    In response to Paragraph 37 of Plaintiff's Complaint, RCSLP admits that Plaintiff

6  brings this matter alleging violations of the FDCPA, but denies that it violated any law.

7      38.    In response to Paragraph 38 of Plaintiff's Complaint, RCSLP adopts by reference

8  paragraphs 1 through 37 of this Answer.

9      39.    In response to Paragraph 39 of Plaintiff's Complaint, RCSLP has insufficient

10  information and knowledge to either admit or deny the allegations set forth therein and therefore

11  denies the same and puts Plaintiff to his strictest burden of proof.

12      40.    In response to Paragraph 40 of Plaintiff's Complaint, RCSLP has insufficient

13  information and knowledge to either admit or deny the allegations set forth therein and therefore

14  denies the same and puts Plaintiff to his strictest burden of proof.

15      41.    In response to Paragraph 41 of Plaintiff's Complaint, RCSLP has insufficient

16  information and knowledge to either admit or deny the allegations set forth therein and therefore

17  denies the same and puts Plaintiff to his strictest burden of proof.

18      42.    In response to Paragraph 42 of Plaintiff's Complaint, RCSLP has insufficient

19  information and knowledge to either admit or deny the allegations set forth therein and therefore

20  denies the same and puts Plaintiff to his strictest burden of proof.

21      43.    In response to Paragraph 43 of Plaintiff's Complaint, RCSLP has insufficient

22  information and knowledge to either admit or deny the allegations set forth therein and therefore

23  denies the same and puts Plaintiff to his strictest burden of proof.

24      44.    In response to Paragraph 44 of Plaintiff's Complaint, and all its subparts, RCSLP

25  denies all allegations against it. To all other extents, RCSLP has insufficient information and

26  knowledge to admit or deny the allegations set forth therein and therefore denies the same and

27  puts Plaintiff to his strictest burden of proof.

28

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

**ANSWER OF DEFENDANT RESURGENT CAPITAL SERVICES, LP**

C08-02453RS

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

1   45.    In response to Paragraph 45 of Plaintiff's Complaint, RCSLP denies all

2   allegations against it. To all other extents, RCSLP has insufficient information and knowledge to

3   admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to

4   his strictest burden of proof.

5   46.    In response to Paragraph 46 of Plaintiff's Complaint, RCSLP denies all

6   allegations against it. To all other extents, RCSLP has insufficient information and knowledge to

7   admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to

8   his strictest burden of proof.

9   47.    In response to Paragraph 47 of Plaintiff's Complaint, RCSLP admits that Plaintiff

10  brings this matter alleging violations of the RFDCPA, but denies that it violated any law.

11  48.    In response to Paragraph 48 of Plaintiff's Complaint, RCSLP adopts by reference

12  paragraphs 1 through 47 of this Answer.

13  49.    In response to Paragraph 49 of Plaintiff's Complaint, RCSLP has insufficient

14  information and knowledge to either admit or deny the allegations set forth therein and therefore

15  denies the same and puts Plaintiff to his strictest burden of proof.

16  50.    In response to Paragraph 50 of Plaintiff's Complaint, RCSLP has insufficient

17  information and knowledge to either admit or deny the allegations set forth therein and therefore

18  denies the same and puts Plaintiff to his strictest burden of proof.

19  51.    In response to Paragraph 51 of Plaintiff's Complaint, RCSLP has insufficient

20  information and knowledge to either admit or deny the allegations set forth therein and therefore

21  denies the same and puts Plaintiff to his strictest burden of proof.

22  52.    In response to Paragraph 52 of Plaintiff's Complaint, RCSLP has insufficient

23  information and knowledge to either admit or deny the allegations set forth therein and therefore

24  denies the same and puts Plaintiff to his strictest burden of proof.

25  53.    In response to Paragraph 53 of Plaintiff's Complaint, RCSLP has insufficient

26  information and knowledge to either admit or deny the allegations set forth therein and therefore

27  denies the same and puts Plaintiff to his strictest burden of proof.

28

54.    In response to Paragraph 54 of Plaintiff's Complaint, and all its subparts, RCSLP denies all allegations against it. To all other extents, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

55.    In response to Paragraph 55 of Plaintiff's Complaint, RCSLP denies all allegations against it. To all other extents, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

56.    In response to Paragraph 56 of Plaintiff's Complaint, RCSLP denies all allegations against it. To all other extents, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

57.    In response to Paragraph 57 of Plaintiff's Complaint, RCSLP denies all allegations against it. To all other extents, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

58.    In response to Paragraph 58 of Plaintiff's Complaint, RCSLP denies all allegations against it. To all other extents, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

59.    In response to Paragraph 59 of Plaintiff's Complaint, RCSLP denies that Plaintiff is entitled to any remedy as it has violated no law.

## II.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

RCSLP's actions have not been willful, to the extent that they violate California or

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

- 8 -

1  federal law, which RCSLP denies.

2  ### THIRD DEFENSE

3  Plaintiff failed to exercise ordinary and reasonable care on his own behalf, and such

4  negligence and carelessness was a proximate cause of some portion, up to and including the

5  whole of, the damages alleged by Plaintiff and his recovery should therefore be barred or

6  reduced according to law.

7  ### FOURTH DEFENSE

8  Plaintiff's claims are barred by the doctrines of laches, estoppel, acquiescence, and

9  waiver.

10  ### FIFTH DEFENSE

11  Any violation of the law or damage suffered by Plaintiff, which RCSLP denies, was due

12  to the affirmative actions and/or omissions of Plaintiff and do not give rise to any liability of

13  RCSLP.

14  ### SIXTH DEFENSE

15  Plaintiff's action against RCSLP is barred, in whole or in part, by the applicable statute(s)

16  of limitations.

17  ### SEVENTH DEFENSE

18  Any damage to Plaintiff, which RCSLP denies, is due to the acts or omissions of Plaintiff

19  and/or third parties and RCSLP is not liable for said acts, omissions or alleged damages.

20  ### EIGHTH DEFENSE

21  Plaintiff's claims are barred by the lack of proximate cause.

22  ### NINTH DEFENSE

23  Plaintiff's claims are barred because Plaintiff failed to mitigate his damages.

24  ### TENTH DEFENSE

25  Plaintiff's claims are barred by his lack of standing.

26  ### ELEVENTH DEFENSE

27  Plaintiff's claims are barred because Plaintiff failed to perform as agreed in breach of

28  their contracts with his underlying creditors.

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

ANSWER OF DEFENDANT RESURGENT CAPITAL SERVICES, LP

C08-02453RS

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

1

## TWELFTH DEFENSE

2   Plaintiff's claims are barred by Plaintiff's unclean hands.

3

## THIRTEENTH DEFENSE

4   Plaintiff's claims are barred by the doctrine of unjust enrichment.

5

## FOURTEENTH DEFENSE

6   Plaintiff's claims are barred by the doctrine of res judicata/collateral estoppel.

7

## FIFTEENTH DEFENSE

8   Plaintiff's claims are barred by the defense of in pari delicto.

9

## SIXTEENTH DEFENSE

10      Upon information and belief, Plaintiff may be contractually obligated to arbitrate any

11  dispute, claim or controversy which arises out of the transaction that is the subject matter of the

12  instant litigation.

13

## SEVENTEENTH DEFENSE

14      Plaintiff's claims are barred because the statements or acts attributed to RCSLP, if made,

15  were privileged communication by interested parties, without malice, to interested persons who

16  requested the information.

17

## EIGHTEENTH DEFENSE

18      Any violation of the Fair Debt Collection Practices Act, title 15 of the United States Code

19  sections 1692 *et seq.*, or the Rosenthal Fair Debt Collection Practices Act, California Code

20  sections 1788 *et seq.*, if applicable, was not intentional and was the result of a bona fide error

21  notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

22

## NINETEENTH DEFENSE

23      Plaintiff suffered no damage from the alleged violations by RCSLP and therefore is not

24  entitled to any award of damages, attorneys' fees or costs.

25

## TWENTIETH DEFENSE

26      RCSLP was not a debt collector as defined under California or federal law, in regard to

27  the instant matter.

28

**ANSWER OF DEFENDANT RESURGENT CAPITAL SERVICES, LP**

C08-02453RS

1

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

## TWENTY FIRST DEFENSE

All of RCSLP's actions have been in accordance with California and federal debt collection practices and consumer credit laws.

## TWENTY SECOND DEFENSE

RCSLP may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize his claims, due to the fact that RCSLP does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that RCSLP may share some responsibility. RCSLP therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

III.

## PRAYER FOR RELIEF

WHEREFORE, Defendant RCSLP prays for an order and judgment of this Court in its favor against Plaintiffs as follows:

1.    Dismissing all causes of action against it with prejudice and on the merits;

2.    Awarding its reasonable costs and attorneys' fees; and

3.    Awarding it such other and further relief as the Court deems just and equitable.

KLINEDINST PC

DATED: June 11, 2008          By:  /s/ Natalie P. Vance
                                   NATALIE P. VANCE
                                   Attorney for Defendants
                                   RESURGENT CAPITAL SERVICES,
                                   LP; ALEGIS GROUP, LLC; and LVNV
                                   FUNDING, LLC,

637831v1

- 11 -